1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9  | AMETHEUS TAYLOR,                     CASE NO. 1:08-cv-01578-SMS PC

10 |                    Plaintiff,        ORDER DISMISSING ACTION, WITH
   |                                      PREJUDICE, FOR FAILURE TO STATE
11 |       v.                            A CLAIM UNDER SECTION 1983

12 | DR. J. ST. CLAIR, et al.,            (Doc. 15)

13 |                    Defendants.

14 | _____/

15 |                              **Screening Order**

16 | **I.      Screening Requirement**

17        Plaintiff Ametheus Taylor, a state prisoner proceeding pro se and in forma pauperis, filed this

18 civil rights action pursuant to 42 U.S.C. § 1983 on October 1, 2008.  On February 6, 2009, the Court

19 dismissed Plaintiff's complaint, with leave to amend, for failure to state any claims.  Plaintiff filed

20 an amended complaint on May 14, 2009.

21        The Court is required to screen complaints brought by prisoners seeking relief against a

22 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

26 "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

27 dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

28 claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

1    A complaint must contain "a short and plain statement of the claim showing that the pleader

2 is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

3 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

4 do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v.

5 Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient

6 factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at

7 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal

8 conclusion are not. Id. at 1949.

9 **II.    Plaintiff's Claims**

10    **A.    Summary of Amended Complaint**

11    Plaintiff is currently housed at the Sierra Conservation Center in Jamestown, California. This

12 is an action for money damages against the State of California, the California Department of

13 Corrections and Rehabilitation (CDCR), CDCR Secretary Matthew Cate, and Doctors St. Clair,

14 Smith, Lovett, Howard, and Thomatos for the violation of Plaintiff's rights under the Eighth

15 Amendment of the United States Constitution.

16    On September 9, 2007, Plaintiff was working the Lick Fire in Gilroy, California, cutting a

17 fire line around residential homes. Plaintiff and other inmates were required to keep working even

18 after the sun went down and it was dark outside. The only available light was coming from the light

19 on Plaintiff's helmet when he stepped on a stob,[1] causing his knee to pop loudly. Plaintiff stumbled

20 and then slipped down the mountain, injuring his knee. Plaintiff was subsequently told by Captain

21 Fisher that they would not be able to get him to a doctor until the next morning.

22    On September 10, 2007, Plaintiff was seen by Dr. Howard, who prescribed "minimal" pain

23 medication in order to "minimize" Plaintiff's injuries and justify the "deliberate indifference" to his

24 needs. (Doc. 15, Amend. Comp., court record p. 6.) Plaintiff was also given crutches. Plaintiff

25 complained of increased pain, but was told by Dr. Howard that his pain would decrease if he moved

26 his knee more. Moving his knee produced more pain, and Plaintiff alleges that Dr. Howard chose

27

28    [1] Stake or post.

2

1  the course of treatment in conscious disregard of his pain.  Plaintiff alleges that Dr. Howard did not

2  have an MRI done until a week later.

3         On September 15, 2007, Plaintiff received an MRI, which showed a fracture, and torn

4  tendons and ligaments.

5         Plaintiff was seen by Dr. St. Clair on September 26, 2007.  Plaintiff alleges Dr. St. Clair

6  refused to prescribe the "right" amount of pain medication, told Plaintiff his knee was just swollen

7  despite the MRI results, and passed Plaintiff on to one doctor after another.  (Id., p. 7.)

8         On October 17, 2009, Dr. St. Clair took Plaintiff off of his medication despite Plaintiff's

9  complaints of pain.  Another MRI was done on October 25, 2007, showing fractures and tears.

10 Plaintiff was again placed on pain medication, but "sparingly."  (Id.)

11        Plaintiff was seen by Dr. Lovett on January 2, 2008, but Dr. Lovett failed to order surgery

12 and refused to prescribe pain medication even though Plaintiff was in extreme pain.  Plaintiff was

13 seen by Dr. Smith and Dr. St. Clair on January 10, 2008, but they refused to order surgery and

14 continued Plaintiff on "useless" medication.  On February 11, 2008, Plaintiff saw Dr. Lovett again,

15 who opined that he did not know why Plaintiff was still in pain and ordered an outside consultation

16 with UC Davis.

17        On April 21, 2008, Plaintiff was seen by Dr. Lewis, an outside doctor who ordered surgery

18 on July 16, 2008.

19        **B.     Claim Against State, CDCR, and Secretary Cate**

20        Plaintiff alleges a claim for violation of the Eighth Amendment against Defendants State of

21 California, CDCR, and CDCR Secretary Cate for failing to ensure that there was a physician in the

22 vicinity of the inmates in their custody.  Plaintiff alleges it was unacceptable that he had to suffer all

23 night long without medical treatment.

24        Plaintiff may not seek to impose liability on the State, CDCR, and Secretary Cate in this

25 action. The Eleventh Amendment bars Plaintiff's claims against these defendants. Aholelei v. Dept.

26 of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).

27 ///

28 ///

3

1        **C.      Claim Against Prison Doctors**

2        Plaintiff alleges that he did not receive adequate medical care for his knee injury, and the

3    prison doctors named in this suit acted with deliberate indifference to his serious medical needs, in

4    violation of the Eighth Amendment.

5        "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

6    must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096

7    (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part

8    test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by

9    demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or

10   the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was

11   deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059

12   (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th

13   Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a

14   purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused

15   by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Where a prisoner is alleging a delay

16   in receiving medical treatment, the delay must have led to further harm in order for the prisoner to

17   make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely

18   v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

19       Plaintiff has adequately alleged the existence of a serious medical need.  However, his

20   amended complaint suffers from the same deficiencies that plagued his original complaint.

21   "Deliberate indifference is a high legal standard," Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.

22   2004), and Plaintiff's disagreement with the treatment he was provided is not sufficient to support

23   an Eighth Amendment claim, Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal

24   citation omitted).  Describing the pain medication he was prescribed as minimal, insufficient in

25   dosage, or sparing suggests a disagreement with the medical treatment prescribed.  It does not

26   support a claim that the defendants "[knew] of and disregard[ed] an *excessive risk* to [Plaintiff's]

27   health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994) (emphasis added).  Plaintiff must

28   allege facts sufficient to state a plausible claim for relief, with the mere possibility of misconduct

1  falling short of meeting that standard.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572

2  F.3d 962, 969 (9th Cir. 2009).

3         Further, although Plaintiff alleges a delay between his injury and the surgery, Plaintiff's

4  allegations do not support a claim "that the course of treatment the doctors chose was medically

5  unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard

6  of an excessive risk to [P]laintiff's health."  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)

7  (internal citations omitted).  Plaintiff attempts to cure this deficiency by stating that doctors chose

8  the course of treatment in conscious disregard to a risk to his health.  However, the use of

9  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

10 do[es] not suffice" to state a claim.  Iqbal at 1949 (citing Twombly, 550 U.S. at 555).

11        Again, the disagreement with the course of treatment prescribed is not sufficient to support

12 a claim, and there is no constitutional entitlement to aggressive or priority medical treatment.  The

13 Constitution prohibits prison medical staff from acting with deliberate indifference to serious

14 medical needs.  However, treatment that is merely conservative in nature does not run afoul of the

15 Constitution.  Here, there are no specific factual allegations supporting Plaintiff's contention that the

16 course of treatment chosen was medically unacceptable and chosen in conscious disregard of an

17 excessive risk to Plaintiff.  Jackson, 90 F.3d at 332.  Therefore, the Court finds that Plaintiff has not

18 stated a claim against Defendants St. Clair, Smith, Lovett, Howard, and Thomatos for violation of

19 the Eighth Amendment.

20 **III.    Conclusion and Order**

21        Plaintiff's amended complaint fails to state a claim under section1983.  Plaintiff was

22 previously granted leave to file an amended complaint curing the deficiencies in his claim, but was

23 unable to do so.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

24 ///

25 ///

26 ///

27 ///

28 ///

1    Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to state a claim

2  under section 1983.

3

4  IT IS SO ORDERED.

5  **Dated:    December 4, 2009**                              **/s/ Sandra M. Snyder**
                                              UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28